IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY PELLICO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 0226 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| LORRAINE MORK, Executor of the Estate of | ) | |
| Robert Mork, former Public Guardian for DuPage | ) | |
| County and former Temporary Guardian for | ) | |
| Evelyn Pellico; JENNIFER MARTYN, former | ) | |
| Assistant Public Guardian and former Acting | ) | |
| Public Guardian; DONALD PUCHALSKI, Public | ) | |
| Guardian for Dupage County, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 13, 2014, plaintiff Gregory Pellico filed a four-count complaint against Lorraine Mork, the Executor of the Estate of Robert Mork, Jennifer Martyn, the former Assistant Public Guardian and former Acting Public Guardian, and Donald Puchalski, the Public Guardian for DuPage County. Plaintiff complains that each of the three defendants violated his constitutional right to due process (Count I), breached their fiduciary duties (Count II), and intentionally inflicted emotional distress on plaintiff (Count IV). Plaintiff also alleges that defendants Lorraine Mork and Martyn committed legal malpractice (Count III). On July 8, 2014, defendant Lorraine Mork filed the instant motion to stay this action under the abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236 (1976), pending the resolution of parallel cases in state court. Defendants Martyn and Puchalski have joined the motion. For the reasons described below, the court grants defendants' motion to stay.

## BACKGROUND

The present dispute arises out of the guardianship of plaintiff's mother, Evelyn Pellico, by Robert Mork ("Mork"), in his capacity as Public Guardian of DuPage County. Following a July 2006 hearing in DuPage County Court, Mork was appointed public guardian of the estate and person of Ms. Pellico. Plaintiff opposed Mork's appointment. As public guardian, Mork controlled the Evelyn Pellico Trust and the Peter M. Pellico Trust, of which plaintiff was a trustee and beneficiary. Ms. Pellico passed away in November 2006.

Disputes between plaintiff and Mork arose almost immediately following Mork's appointment. On November 14, 2006, Mork filed a petition in the Circuit Court of DuPage County, Illinois, for fees and expenses for his services as public guardian. Plaintiff opposed Mork's petition, spawning litigation that is ongoing today. In the case of *In re Estate of Evelyn Pellico*, No. 06 P 725 ("Guardianship Case"), the parties have continuously litigated Mork's right, as public guardian, to fees and expenses. Plaintiff contends that Mork is not entitled to fees and expenses associated with his guardianship of Ms. Pellico because he mismanaged her estate. An earlier ruling in plaintiff's favor was reversed on appeal. On remand, the trial court held an evidentiary hearing in which it found no evidence that Mork violated his fiduciary duties to Ms. Pellico and subsequently ordered Mork's fees and expenses paid. Two consolidated appeals challenging these rulings are currently pending in the Second District of the Illinois Appellate Court. Oral argument was heard by the Illinois Appellate Court on May 29, 2014.

Plaintiff and Mork are also engaged in litigation in the Circuit Court of DuPage County, No. 13 L 333 ("Circuit Court case") and the Illinois Court of Claims, No. 14 CC 169 ("Court of Claims case"). Plaintiff filed the Circuit Court case on April 12, 2013, and the Court of Claims case on July 22, 2013. The two lawsuits are identical and set forth the same allegations of

wrongdoing that plaintiff alleges in the Guardianship Case.  Plaintiff alleges that in connection with Mork's  mismanagement of Ms. Pellico's estate, defendants Lorraine Mork, Jennifer Martyn, and Donald Puchalski breached their fiduciary duties (Count I) and intentionally inflicted emotional distress on plaintiff (Count II).  On April 3, 2014, the Court of Claims case was continued generally under state law until final disposition of the other state cases.  In the Circuit Court case, defendant Mork filed a motion to dismiss plaintiff's lawsuit.  Prior to the Circuit Court ruling on Mork's motion, plaintiff moved to voluntarily dismiss the case.  Defendant Mork opposes plaintiff's motion for voluntary dismissal, arguing that under Illinois law defendant Mork's dispositive motion must be ruled on first.  A hearing on the issue was scheduled for July 15, 2014.

On January 13, 2014, plaintiff filed the present federal lawsuit against the same defendants named in the Circuit Court and Court of Claims cases.  The facts and allegations in plaintiff's federal lawsuit are nearly identical to those alleged in plaintiff's two state cases and the Guardianship Case.  The only difference between the instant case and plaintiff's two state cases is that plaintiff has added an additional two counts in the current action.  In addition to the breach of fiduciary duty and intentional infliction of emotional distress claims alleged in the state cases, plaintiff's federal lawsuit also alleges that all three defendants violated his constitutional due process rights and that defendants Mork and Martyn committed legal malpractice.  Defendants seek to stay the present action, arguing that they should not have to litigate substantially the same case in four forums.

## **DISCUSSION**

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." AAR Int'l, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 517 (7th Cir. 2001), quoting Colorado River, 424 U.S. at 817. Nonetheless, animated by concerns about "wise judicial administration" and "conservation of judicial resources," in Colorado River the Supreme Court held that under "limited" and "exceptional" circumstances, a federal district court may stay or dismiss[1] an action when there is an ongoing parallel action in state court. Colorado River, 424 U.S. at 818; LaDuke v. Burlington N.R. Co., 879 F.2d 1556, 1558 (7th Cir. 1989).

As the Seventh Circuit noted in Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 694 (7th Cir. 1985), "a federal court cannot lightly abjure its responsibility to assert jurisdiction." Thus, "if there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." AAR Int'l, 250 F.3d at 518 (internal citations omitted). To determine whether Colorado River abstention is appropriate, a court must first address whether the state and federal actions are parallel. Id. If the actions are parallel, the court then considers the factors articulated in Colorado River and its progeny to determine whether exceptional circumstances exist warranting abstention. Id. at 522.

---

[1] The Seventh Circuit has held that a stay, instead of a dismissal, is the appropriate procedure because a stay keeps the federal forum available if the state court action does not result in a final judgment. J & A Sales & Mktg., Inc. v. J.R. Wood, Inc., No. 01-C-6749, 2002 WL 653897, at *2 n.1 (N.D. Ill. April 19, 2002), citing Rosser v. Chrysler Corp., 864 F.2d 1299, 1308 (7th Cir. 1988).

4

Suits are parallel if "'substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" Id. at 518, quoting Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990). A court asks not whether the suits are "formally symmetrical" or identical, but rather whether there is "a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" Id., quoting Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988). The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel. Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 701 (7th Cir. 1992); Lumen, 780 F.2d at 695. "Among other things, to determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 752 (7th Cir. 2006).

In support of their motion, defendants argue that the instant case is parallel to pending litigation in the Guardianship, Circuit Court, and Court of Claims cases. The court first analyzes whether the Circuit Court and Court of Claims cases are parallel to the present federal action. Defendants argue that since the facts and alleged acts of wrongdoing pled in those cases are nearly identical to those pled in the federal complaint, plaintiff is contemporaneously litigating substantially the same issues in multiple forums. In response, plaintiff argues that the actions are not parallel because the present suit is a "civil rights complaint . . . and is not about management of [Ms. Pellico's] estate . . . ." Plaintiff also points to his negligence and legal malpractice claim (Count III), which is not a part of the state cases, as evidence that the federal lawsuit is not substantially similar. The court disagrees.

5

The parties, facts, issues, and allegations in the instant lawsuit are identical to those alleged in the Circuit Court and Court of Claims cases. With the exception of the additional counts included in the federal action, each of the three complaints are nearly word-for-word the same. At the heart of these three cases, plaintiff alleges that Mork mismanaged Ms. Pellico's estate in a variety of ways, including continuing to litigate the Guardianship Case, thereby injuring plaintiff. Plaintiff's two additional counts in the present suit do not change the parallel nature of the three cases, all of which allege the exact same wrongdoing. As the Seventh Circuit has held, "two actions are 'parallel' where the underlying issues are the same, even if they have been 'repackag[ed] . . . under different causes of action.'" Tyrer, 456 F.3d at 753, quoting Clark v. Lacy, 376 F.3d 682, 687 (7th Cir. 2004).

The court now analyzes whether the Guardianship Case is parallel to the pending federal lawsuit. As plaintiff points out, the Guardianship Case is not a suit for damages based on alleged violations of plaintiff's rights, but instead involves a dispute over Mork's right to fees and expenses associated with his public guardianship of Ms. Pellico and her estate. However, this difference does not preclude the court from finding it parallel to the present lawsuit. Id. at 752 (acknowledging that parallel actions need not be formally symmetric). The parties, facts, and issues of the Guardianship Case are substantially similar to those of the federal case. Both Mork and plaintiff are parties to the Guardianship Case, and the facts plaintiff uses to challenge Mork's petition for fees and expenses are largely the same facts plaintiff pleads here. Specifically, in 2013 plaintiff appealed the trial court's 2011 order granting Mork fees and expenses, arguing in part that Mork is not entitled to such costs because he breached his fiduciary duties by engaging in the exact same conduct plaintiff alleges in this case. On appeal the Illinois Appellate Court

will decide whether Mork did in fact breach his fiduciary duties as public guardian. As such, the Guardianship Case and this action not only arise out of the same facts, but also raise similar factual and legal issues.

Having determined that the Circuit Court, Court of Claims, and Guardianship Cases are all parallel to the instant action, the court must analyze the following factors to determine whether "exceptional circumstances" exist to justify deference to the state courts under Colorado River: (1) whether the state court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent fora; (5) the source of governing law; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Lumen, 780 F.2d at 694-95. No single factor is determinative. See Colorado River, 424 U.S. at 818.

"The decision to abstain is based on an assessment of the totality of the circumstances." Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 900 (7th Cir. 1999). Thus, this court's decision whether to abstain should not rest on a "mechanical checklist" of the relevant factors, and the weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting. LaDuke, 879 F.2d at 1559, citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 942 (1983).

A majority of the factors listed above weigh heavily in favor of abstention. First, three state courts obtained jurisdiction over this dispute before the federal court. The trial court began litigating this case more than seven years ago when Mork first filed his petition for fees and

7

expenses in November 2006. The Circuit Court of DuPage County and the Illinois Court of Claims subsequently obtained jurisdiction over plaintiff's alleged grievances when he filed his Circuit Court complaint in April 2013 and Court of Claims complaint in July 2013. The instant action was not filed until nearly nine months after plaintiff originally gave jurisdiction to the Circuit Court. Over the past seven years, the trial court and state appellate court have invested an extraordinary amount of time and resources into this dispute, and two dispositive motions are currently pending before the Circuit Court of DuPage County. Although the Court of Claims case has been continued until resolution of the other state court proceedings, the relative progress of the Guardianship and Circuit Court cases favors a stay in the federal action.

Because many of the issues in all four of the cases are identical and there exists the potential for inconsistent rulings, the desirability of avoiding piecemeal litigation is strong. "'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" Day, 862 F.2d at 659, quoting Am. Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). There is a definite possibility of inconsistent results here if the various courts considering this matter were to arrive at differing conclusions regarding defendants' alleged wrongdoing. Additionally, "since a judgment by either court would ordinarily be res judicata in the other, the existence of the concurrent proceedings creates the potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first- a race . . . prejudicial. . . to the possibility of reasoned decisionmaking by either forum." Arizona v. San Carlos Apache Tribe of Arizona, 463 U.S. 545, 547, 103 S. Ct. 3201, 3204, 77 L. Ed. 2D 837 (1983). If plaintiff's federal case were to proceed, this court and at least one state court would oversee

similar pre-trial motions, discovery matters, and two different triers of fact would have to consider the same issues, evidence, and witnesses. The potential for this sort of redundancy and inconsistency strongly favors abstention.

It should also be noted that none of the three state cases can be removed to federal court because all parties are Illinois citizens. The inability to remove the state cases to federal court weighs in favor of a stay. See, e.g., Clark, 376 F.3d at 688. Additionally, three of plaintiff's four claims before the court are governed by state law, ensuring that Illinois' state courts can adequately protect plaintiff's rights.

Defendants argue that the fact that plaintiff brought a due process claim only in the instant case suggests that the claim was derived solely to obtain federal jurisdiction and is not meritorious. The court agrees that plaintiff's motives for filing the federal action are questionable and weigh in favor of a stay. The only reason this dispute is currently before this court is because plaintiff has alleged a single constitutional violation. Plaintiff identified this claim nine months after filing his original complaint in Circuit Court, which is based on the exact same facts and allegations, and shortly after defendants moved to dismiss the action. Moreover, plaintiff could have pursued a due process and malpractice claim in his originally chosen forum, but did not. Plaintiff's contention that he did not bring a due process claim in state court because it would be "doomed to failure . . . due to bias of DuPage Court judges," is absolutely unsubstantiated and rejected by the court.

The remaining two factors do not weigh either for or against abstention. The first factor, whether the state has assumed jurisdiction over property, is inapplicable to the present case. The second factor, the inconvenience of the federal forum, is not significant because the federal and

state courthouses involved are close to each other. Even if the court considered only the counts not included in plaintiff's two state cases, as plaintiff suggests, the totality of the circumstances surrounding the instant case counsel in favor of abstention.

## **CONCLUSION**

For the reasons described above, the court grants defendants' motion to stay pending the resolution of the state court cases. Consequently, all proceedings in this case are stayed until further order. The order of September 24, 2014, allowing plaintiff to submit a proposed amended complaint is vacated. The status date of October 17, 2014, is stricken. The parties are directed to report to this court when a final judgment is entered in any of the state court actions. Absent such report, this matter is set for a status hearing on December 4, 2014, at 9:00 AM.

**ENTER:** October 1, 2014

_____
**Robert W. Gettleman**
**United States District Judge**